UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **IRENE CHAIKOVSKY AND** | : | **CIVIL ACTION NO.** |
| **MARTA CHAIKOVSKA** | : | |
|     Plaintiffs, | : | **3:16-CV-00029 (VLB)** |
| | : | |
| v. | : | |
| | : | |
| **PROTECTIVE LIFE** | : | |
| **INSURANCE COMPANY,** | : | **September 27, 2016** |
|     Defendant. | : | |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S
MOTION TO DISMISS WITH LEAVE TO REFILE**

**I.   Introduction**

**Plaintiffs brought the instant action (i) requesting declaratory relief confirming a life insurance policy Plaintiff Irene Chaikovsky purchased from Defendant Protective Life Insurance Company ("Defendant" or "Protective") is still in force, and alleging (ii) breach of contract, (iii) CUPTA violations, and (iv) bad faith.  Before the Court is Defendant's Motion to Dismiss Certain Claims of Plaintiff's Complaint, attacking Plaintiffs' second, third, and fourth allegations. [Dkt. No. 16 ("Motion")].  Plaintiffs Irene Chaikovsky and Marta Chaikovska oppose the Motion.  [Dkt. No. 25 ("Opposition")].**

**Upon reviewing the parties' briefing in support of and opposition to Defendant's Motion to Dismiss, it appears the parties have failed to brief multiple relevant issues necessary for the Court to conduct a full and fair analysis of the parties' claims.**

1

As a preliminary matter, the parties have not established that venue before this Court is appropriate. It appears Plaintiffs may have resided in Connecticut at one point, but they currently reside in California, and Plaintiffs do not allege in their Complaint the date they moved in relation to other alleged events. [Dkt. No. 1 ("Complaint") at 1]. Defendant appears to be domiciled in Tennessee. Complaint at 1; Complaint Ex. C (Articles of Merger of Protective and Chase) at 3.[1] Kemper, with whom Plaintiff Chaikovsky entered into the contract in question, appears to have been domiciled in Illinois during the relevant time period. Policy at 1. The parties have not addressed why venue is appropriate before this Court, and must brief the issue in order for this Court to proceed appropriately.

Additionally, the parties have failed to address the choice of law that should apply to all claims, a necessary step in the analysis for claims brought in federal court through diversity jurisdiction. *Sherman St. Assocs., LLC v. JTH Tax, Inc.*, 3:03-cv-1875, 2009 WL 426469, *2 (D. Conn. Feb. 20, 2009); *Benefit Concepts N.Y., Inc. v. New England Life Ins. Co.*, 3:03-cv-1456, 2004 WL 1737452, *3 (D. Conn. July 30, 2004). The parties must address which jurisdiction's law

---

[1] Attached to Plaintiffs' Complaint are several documents, including the life insurance policy at issue and the Articles of Merger between Chase Insurance Life and Annuity Company ("Chase") and Protective. *See* Complaint, Ex. A ("Policy"); Ex. C ("Articles of Merger"). On a Motion to Dismiss the Court may properly consider, in addition to the allegations contained in the four corners of the Complaint, documents attached to, incorporated by reference within, and those which are integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

should apply to each claim in order for the court to conduct a full and fair evaluation.

The parties have also failed to brief multiple substantive issues at play in this case, including anticipatory breach and successor liability.

Defendant's Motion to Dismiss is accordingly DISMISSED with leave to refile addressing the aforementioned omitted issues within 21 days of the filing of this Order.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 27, 2016